**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4843**

———————

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

     v.

PERRY COUSINS, a/k/a Pzo,

                  Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Chief District Judge.  (4:10-cr-00047-RBS-TEM-1)

———————

Submitted:  July 17, 2012           Decided:  July 31, 2012

———————

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Howard J. Zlotnick, Robert E. Bradenham, II, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Perry Cousins appeals his convictions following a jury trial on charges of a racketeering conspiracy (Count 1), in violation of 18 U.S.C. § 1962(d) (2006); conspiracy to distribute and possess with intent to distribute drugs (Count 2), in violation of 21 U.S.C. § 846 (2006); conspiracy to commit robbery (Count 3) and robbery (Counts 6, 9, and 12), in violation of 18 U.S.C. § 1951(a) (2006); murder in aid of racketeering activity (Count 4), in violation of 18 U.S.C. § 1959(a)(1) (2006); use of a firearm in relation to a crime of violence and resulting in death (Counts 5 and 13), in violation of 18 U.S.C. § 924(c)(1), (j) (2006); use of a firearm in relation to a crime of violence (Counts 7, 10, and 19), in violation of 18 U.S.C. § 924(c)(1); possession with intent to distribute fifty grams or more of cocaine base (Counts 8 and 11), in violation of 21 U.S.C. § 841(a)(1) (2006); assault with a dangerous weapon and assault resulting in serious bodily injury (Count 18), in violation of 18 U.S.C. § 1959(a)(3) (2006); possession of an unregistered firearm (Count 28), in violation of 26 U.S.C. §§ 5841, 5845(a) & (d), 5861(d), & 5871 (2006); and possession of a firearm by a convicted felon (Count 29), in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Cousins challenges the sufficiency of the evidence supporting the racketeering-related convictions and Counts 18 and 29.

2

Cousins also contends that the district court erred in failing to declare a mistrial following an allegedly improper remark by counsel for the Government. Finding no error, we affirm.

A jury verdict must be upheld "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We draw all reasonable inferences from both circumstantial and direct evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). However, "[w]e may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

Cousins first argues that the Government presented insufficient evidence of an enterprise for purposes of the racketeering-related offenses set out in Count 1. Because Cousins failed to file a motion for judgment of acquittal in the district court, we review only for plain error. See United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008) (discussing standard of review). We conclude that, viewed in

3

the light most favorable to the Government, there was no error—plain or otherwise—because the testimony was sufficient for a reasonable jury to find the existence of an enterprise. See 18 U.S.C. § 1961(4) (2006); Boyle v. United States, 556 U.S. 938, 946 (2009) (defining enterprise); United States v. Turkette, 452 U.S. 576, 583 (1981) (same).

Cousins next argues that the Government presented insufficient evidence to prove that he committed the assault charged in Counts 18 and 19 in order to maintain or increase his position in the racketeering enterprise. "The phrase 'for the purpose of . . . maintaining or increasing position in . . .' the enterprise should be accorded its ordinary meaning." United States v. Fiel, 35 F.3d 997, 1004 (4th Cir. 1994). A defendant's motive "of retaining or enhancing [his] position [is met] . . . if . . . a jury could properly infer that the defendant committed his violent crime because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance[] of that membership." United States v. Tipton, 90 F.3d 861, 891 (4th Cir. 1996) (internal quotation marks omitted). Moreover, "self-promotion need not be the defendant's only or primary concern." Id. (internal quotation marks omitted). Evidence that an enterprise has a "polic[y] of retaliatory violence against any who sufficiently antagonized any of its members" may support a

4

finding that violence was committed, in part, to maintain or increase position in the enterprise. Id. With these standards in mind and viewing the evidence in the light most favorable to the Government, we conclude that the testimony was sufficient for a reasonable jury to find that Cousins committed the charged assault in order to maintain or increase his position in the enterprise.

Cousins also argues that the Government failed to present sufficient evidence to demonstrate that the firearm he possessed in connection with the assault charged in Count 18 was operable. Because the Government did not need to prove that the firearm was operable, we conclude that the evidence was sufficient to convict Cousins on Count 29. See United States v. Williams, 445 F.3d 724, 732 n.3 (4th Cir. 2006) (citing cases and noting that firearm is not required to be operable to meet definition of 18 U.S.C. § 921(a)(3) (2006)).

Finally, Cousins argues that the district court erred in failing to declare a mistrial following an allegedly improper remark by a Government attorney during a witness' cross-examination. An improper remark by counsel "may so infect the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Lighty, 616 F.3d 321, 359 (4th Cir. 2010) (internal quotation marks and brackets omitted). In this case, however, the district court established

through voir dire that no juror actually heard the alleged improper remark by the Government's counsel. Thus, the district court did not err in failing to declare a mistrial. See United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

Accordingly, we affirm the district court's judgment and deny Cousins' motion to reconsider the denial of his motion to rescind counsel's opening brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED